IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**REEM ANTWONE COOPER,**

      **Plaintiff,**

**v.**                                              Case 1:20-cv-01123-JDT-cgc

**NATHANIEL SHOATE,**

      **Defendant.**

---

### REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* SCREENING PURSUANT TO 28 U.S.C. § 1915 OF AMENDED COMPLAINT

---

On June 5, 2020, Plaintiff Reem Antwone Cooper filed a *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Section 1983") and a motion to proceed *in forma pauperis*. (Docket Entry ("D.E.") # 1 & 2.) The motion to proceed *in forma pauperis* was granted on June 23, 2020. (D.E. # 6.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05.[1] On July 8, 2020, a report and recommendation (D.E. # 7) recommending dismissal of the complaint was entered. While that report and recommendation was pending before the District Court, Plaintiff filed an Amended Complaint (D.E. # 8). In his Order adopting the Report and Recommendation, U.S. District Judge

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrate Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

James Todd returned the case to the undersigned for screening of the Amended Complaint. (D.E. # 10)

### I.     Introduction

In his Complaint, Plaintiff alleged that on July 2, 2019 the Defendant, Investigator Nathaniel Shoate, accompanied by Investigators Scott Cornelson and Robert Pomeroy, pulled Plaintiff over for speeding on Ridgecrest / Henderson Rd. For relief, Plaintiff "want[s] the courts to award money." In the Amended Complaint, Plaintiff adds Madison County and Madison County Sheriffs Department as defendants and alleges that:

> "On June 2, 2019, Inv. Nathaniel Shoate accompanied by Inv, Scott Cornelison and also accompanied by Inv. Robert Pomeroy I Mr. Cooper was pulled over for speeding on Ridgecrest Rd./Henderson Rd. Inv. Shoates approached driverside door with fellow officers. Inv. Shoates began asking me if I had license and insurance, I stated yes, and his fellow officers, Inv. Cornelison and Inv. Pomeroy was aware that I had valid license and insurance. After a brief search of my pockets I then stated that I couldn't seem to locate them and must have left them at home and being that Inc. Shoate did not once ask for my name or any of my information upon the traffic stop, then stated step out of the vehicle. While I was unbuckling my seatbelt with injured right hand Inv. Shoate began yanking my left injured arm, causing me further bodily harm, which I believed to be an improper traffic stop, which my are was in sling at time prescribed by doctor from previous injury caused by Inv. Scott Cornelison and Inv. Robert Pomeroy by jerking my arm with his upper body strength through driver window repeatedly not allowing me to unbuckle seatbelt using unnecessary excessive force and rudeness and by stating that I, Mr. Cooper stated that I had no driver license or insurance after running my name through the system confirming that the status of my driver license veing valid, now I believe that to be filing a false report.

Plaintiff states that he "would like the courts to award money for my pain and suffering."

**II.     Analysis**

The caption of Plaintiff's Amended Complaint states that it is a complaint for violations of civil rights pursuant to Section 1983. Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 93, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrims v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and emphasis omitted)). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a *pro se* litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

Generally, to successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) deprivation

was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 585, 590 (6th Cir. 2003). In his Amended Complaint, Plaintiff only states the incident that he alleges occurred on July 2, 2019 and that he would like to be compensated for pain and suffering. There is no specific allegation that his injuries are as a result of the deprivation of a right secured by the Constitution or laws of the United States.

Plaintiff makes a brief mention of "unnecessary excessive force". If this is meant to allege a violation of his Eighth Amendment rights, the Amended Complaint fails to state claim. The Eighth Amendment is not implicated if the alleged misconduct occurs prior to a conviction. *Phebus v. City of Memphis,* 340 F.Supp.2d 874, 879 (W.D.Tenn.2004) (citing *Bass v. Robinson,* 167 F.3d 1041, 1048–49 (6th Cir.1999)). As the Supreme Court articulated in *Ingraham v. Wright,* 430 U.S. 651 (1977), "the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Id.* at 671 n. 40. Plaintiff does not allege that he had been convicted prior to the alleged incident; on the contrary, Plaintiff alleges that he suffered injuries during an interaction with law enforcement[2]. Accordingly, it is RECOMMENDED that Plaintiff fails to state a claim pursuant to Section 1983 upon which relief may be granted and should be dismissed pursuant to Section 1915 against all Defendants. To the extent that Plaintiff states a claim against the defendants under state law, it is RECOMMENDED that those claims be dismissed without prejudice.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth

---

[2] Plaintiff does not state in either the Complaint or Amended Complaint whether he was arrested at the conclusion of the interaction.

Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 396 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**SIGNED** this 11th day of August 2020.

                                               s/ Charmiane G. Claxton
                                               CHARMIANE G. CLAXTON
                                               UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**